IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI DORR, | No. C07-01428 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| YAHOO! INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's Motion To Dismiss. (Docket No. 5.) For the following reasons, the Court **DENIES** the Motion.

## FACTUAL BACKGROUND

Plaintiff Heidi Dorr's amended class action complaint ("Complaint") alleges that, after becoming a subscriber to Defendant Yahoo! Inc.'s email service known as Y!PA, her emails sent from the Y!PA account contained promotional taglines even though Yahoo! made representations that they would not. On behalf of a nationwide class of current and former subscribers to Y!PA, Plaintiff alleges violation of various consumer protection and false advertising laws.

Defendant's present motion to dismiss challenges only Plaintiff's causes of action for breach of contract and unjust enrichment – the fourth and fifth claims, respectively, in the Complaint – on the grounds that neither states a claim upon which relief can be granted.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

**ANALYSIS**

**A.    Plaintiff's Breach Of Contract Claim Is Adequately Pleaded.**

Defendant alleges that, because Plaintiff cannot identify any provision in the applicable terms of service that Defendant allegedly breached, Plaintiff's breach of contract claim must fail. Though Plaintiff did not attach the terms of service to her Complaint, Defendant contends that the Court may take judicial notice of the copies of the terms of service submitted by Defendant because they are referenced by, and central to, the allegations in Plaintiff's Complaint. The Court finds Defendant's arguments unavailing for several reasons.

First, Plaintiff's complaint does not allege, as Defendants contend, that the contractual relationship is governed solely by the two documents which Defendants ask the Court to recognize through judicial notice – the general Terms of Service ("TOS") and the Yahoo! Mail Personal Address Terms of Service ("ATOS"). Although the Complaint does allege that subscribers to Y!PA "agreed to the Terms of Service" (Complaint ¶ 62), the Complaint also alleges that Plaintiff's

2

agreement with Defendant embraces other written promises made in the course of dealing. For example, the Complaint alleges that Defendant's offer, and the ultimate agreement, "represented to consumers that email sends from one of Yahoo!'s premium email accounts would not have advertising or taglines attached." (Complaint ¶ 7.)  The Complaint also alleges the specific wording of at least two written documents that Plaintiff alleges form part of the agreement:

- •   a written offer indicating "[t]here are no ads or promotional taglines in the messages you send" (Complaint ¶ 7); and
- •   a confirming receipt stating there would be "no ads in emails." (Complaint ¶ 10.)

While Defendant may ultimately be able to prove that these additional written documents did not constitute part of the contractual relationship between Plaintiff and Defendant, it is improper to resolve this disputed factual issue at the Rule 12(b)(6) stage. Plaintiff's allegations that the terms of these additional written documents were breached are adequate to survive a motion to dismiss.

Second, the Court finds it inappropriate to consider the contents of the May 2007 versions of the TOS and ATOS submitted by Defendant because the parties dispute whether these versions accurately reflect the terms of service that governed Plaintiff's purchase of the Y!PA service in July 2006. Defendants concede that the May 2007 versions of the TOS and ATOS differ in at least some respects from the versions that would have applied to a July 2006 purchase. At the pleadings stage, this Court will not consider the contents of documents outside the Complaint that are not indisputably the basis for the alleged contract. *See BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Third, even the copies of the TOS and ATOS that Defendant submits to the Court do not, as Defendant contends, expressly limit the scope of the contractual relationship to those two documents. The first paragraph of the ATOS (quoted by Defendant in its brief) does not contain an integration clause and does not exclude other agreements from governing the contractual relationship. (Defendant's Request For Judicial Notice, Exh. B, ¶ 1.) Thus, even if the Court took judicial notice of the contents of the TOS and ATOS submitted by Defendants, dismissal would not be warranted.

**B.     Plaintiff Has Adequately Pleaded A Claim For Restitution.**

3

Plaintiff's fifth cause of action is entitled "UNJUST ENRICHMENT" and alleges that Defendant was unjustly enriched by charging fees for the Y!PA service and that Plaintiff (and the putative class) are entitled to equitable restitution of these fees. (Complaint ¶¶ 70-75.) Defendant contends that "unjust enrichment" is not an actionable claim for relief under California law.

Plaintiff acknowledges that her fifth cause of action may have been mislabeled, but asks that this Court construe the claim instead as a claim for restitution. It is appropriate to do so. California law recognizes a cause of action for restitution (sometimes also called unjust enrichment), a quasi-contractual form of common count for money had and received to recover money paid by fraud or mistake. *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004); *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1670 (1992); 1 Witkin, Summary of Cal. Law, Contracts, § 1013. In her Complaint, Plaintiff has adequately alleged that unjust enrichment occurred and has adequately pleaded a basis for restitution on a quasi-contract or quantum meruit theory.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: 7/30/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

4